UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOHN MICHAEL MAYER, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 4:15-cv-00466-SLB-SGC |
| DEWAYNE D. ESTES, et al., | ) |
| Respondents. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by John Michael Mayer, a state prisoner proceeding with the assistance of counsel. An initial review of the petition pursuant to Rule 4 of the *Rules Governing Section 2254 Cases* revealed Mayer challenges his 2010 sodomy and sexual abuse convictions in the Circuit Court of Etowah County, Alabama. The undersigned ordered Mayer to show cause why his petition should not be dismissed as barred by the applicable statute of limitations. (Doc. 3). Mayer responded with a variety of allegations that do not save his petition from the time bar codified at 28 U.S.C. § 2244(d). (Doc. 4). Accordingly, and for the reasons discussed below, the undersigned recommends Mayer's petition be dismissed as time-barred pursuant to § 2244(d).

**I. Background**

In May 2010, Mayer was convicted of two counts of first-degree sodomy and one count of first-degree sexual abuse in the Circuit Court of Etowah County, Alabama. (Doc. 1 at 1; Doc. 1-1 at ¶ 3); *State v. Mayer*, 31-CC-2007-001010.02; *State v. Mayer*, 31-CC-2007-001010.03; *State v. Mayer*, 31-CC-2009-000367.00.[1] On direct appeal, the Alabama Court of Criminal

---

[1] A district court may take judicial notice of its own records and records of inferior courts. *See* Fed. R. Evid. 201(c)-(d); *Keith v. DeKalb County, Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014); *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

1

Appeals affirmed Mayer's convictions and denied his application for rehearing. (Doc. 1 at 2; Doc. 1-1 at ¶ 5); *Mayer v. State*, 107 So. 3d 233 (Ala. Crim. App. 2011). The Alabama Supreme Court denied Mayer's petition for a writ of certiorari on June 10, 2011. (Doc. 1 at 2; Doc. 1-1 at ¶ 5); *Ex parte Mayer*, 111 So. 3d 777 (Ala. 2011). The Alabama Court of Criminal Appeals issued a certificate of judgment on that same date. *State v. Mayer*, 31-CC-2007-001010.02 at Doc. 2; *State v. Mayer*, 31-CC-2007-001010.03 at Doc. 1; *State v. Mayer*, 31-CC-2009-000367.00 at Doc. 1.

On June 11, 2012, Mayer filed a petition pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* in the Circuit Court of Etowah County, Alabama, seeking to collaterally attack his convictions. (Doc. 1 at 3; Doc. 1-1 at ¶ 6); *State v. Mayer*, 31-CC-2007-001010.60 at Doc. 3; *State v. Mayer*, 31-CC-2009-000367.60 at Doc. 3. The state trial court dismissed the Rule 32 petition, and the Alabama Court of Criminal Appeals affirmed the dismissal and denied Mayer's application for rehearing. (Doc. 1 at 3, 6; Doc. 1-1 at ¶ 10); *State v. Mayer*, 31-CC-2007-001010.60 at Doc. 7; *State v. Mayer*, 31-CC-2009-000367.60 at Docs. 7, 21 & 22. The Alabama Supreme Court denied Mayer's petition for a writ of certiorari on July 11, 2014. (Doc. 1 at 7; Doc. 1-1 at ¶ 10).[2] The Alabama Court of Criminal Appeals issued a certificate of judgment on that same date. *State v. Mayer*, 31-CC-2009-000367.60 at Doc. 23.

Mayer executed the § 2254 petition he submitted to this district court on March 19, 2015, and, therefore, it is deemed filed on that date. *See McCloud v. Hooks*, 560 F.3d at 1223, 1227 (11th Cir. 2009) ("A *pro se* petitioner's collateral action is deemed filed in federal court on the

---

[2] Although Mayer claims he petitioned the Alabama Supreme Court for review of his Rule 32 petition, the electronic record of Mayer's Rule 32 proceedings does not make it clear he did so or that, as he claims, the Alabama Supreme Court denied review on July 11, 2014. For purposes of this report and recommendation, the undersigned accepts Mayer's allegation as true, as it makes no difference to the recommendation Mayer's § 2254 petition be dismissed as time-barred.

2

date it is delivered to prison authorities for mailing, and absent state-presented evidence to the contrary, we will presume that the petition was delivered on the date the petition was signed.").[3]

## II. Discussion

A federal district court is authorized to entertain an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court where the petitioner alleges he is in custody in violation of the Constitution or laws or treaties of the United States. § 2254(a). After a § 2254 petition is properly filed, a district court must examine it. Rule 4, *Rules Governing Section 2254 Cases*. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* Furthermore, a district court may consider *sua sponte* the timeliness of a § 2254 petition, provided the petitioner is afforded fair notice and an opportunity to respond prior to dismissal of his petition as time-barred. *Day v. McDonough*, 547 U.S. 198, 207-10 (2006).

The statute of limitations applicable to a § 2254 petition provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] Counsel of record for Mayer did not enter an appearance in this action until after Mayer filed his § 2254 petition *pro se*. (*See* Doc. 2).

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Once the statute of limitations is triggered and begins to run, it can be tolled statutorily or equitably. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Section 2244(d)(2) tolls the one-year limitation period during the pendency of "a properly filed application for [s]tate post-conviction or other collateral review" of the underlying judgment. § 2244(d)(2); *see also McCloud*, 560 F.3d at 1227. "However, the pendency of properly filed state post-conviction proceedings only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." *Roby v. Mitchem*, 2012 WL 1745529 at * 3 (N.D. Ala. May 1, 2012) (emphasis in original) (citing *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000)), *report and recommendation adopted*, 2012 WL 1745758 (N.D. Ala. May 14, 2012). "State review ends [for purposes of § 2244(d)(2)] when the state courts have finally resolved an application for state postconviction relief. After the [s]tate's highest court has issued its mandate or denied review, no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Equitable tolling is available only where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); s*ee also Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is "an extraordinary remedy which is [ ] applied sparingly" and "is limited to rare and exceptional circumstances." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005),

4

*aff'd*, 549 U.S. 327 (2007). Moreover, "[t]he petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Finally, in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a showing of "actual innocence" as applied in *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006), can overcome the statute of limitations imposed by 28 U.S.C. § 2244(d)(1). The Court cautioned, however, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329) (citing *House*, 547 U.S. at 538). " '[T]o be credible' a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 324).

Neither in his § 2254 petition nor his response to the order to show cause does Mayer allege facts which would support the triggering of the statute of limitations applicable to his petition by § 2244(d)(1)(B), (C), or (D). Rather, § 2244(d)(1)(A) triggered that statute of limitations. That is, the limitations period began to run on the date Mayer's convictions and sentence became final by the conclusion of direct review or the expiration of time for seeking that review. *See* § 2244(d)(1)(A). Where a defendant appeals his conviction to the Alabama Court of Criminal Appeals and seeks review in the Alabama Supreme Court but does not seek review in the Supreme Court of the United States, his conviction becomes final for purposes of § 2244(d)(1)(A) on the 90th day after the Alabama Supreme Court denies review. *See McCloud*, 560 F.3d at 1227. The Alabama Supreme Court denied Mayer's petition for certiorari on June

5

10, 2011.  Mayer does not allege he sought review in the United States Supreme Court.  (*See* Doc. 1).  Therefore, it appears Mayer's convictions and sentence became final and the statute of limitations applicable to his § 2254 petition began to run on September 8, 2011, which was 90 days after the Alabama Supreme Court denied certiorari.  *See McCloud*, 560 F.3d at 1227.

When Mayer filed a Rule 32 petition in the state trial court on June 11, 2012, it tolled the § 2244(d)(1) limitations period, assuming it was properly filed.  *See id.*  At that time, 277 days had passed since Mayer's convictions became final.  After the Alabama Supreme Court denied Mayer's petition for a writ of certiorari on July 11, 2014, the limitations period resumed; July 12, 2014 was the 278th day of that period.  Therefore, Mayer should have filed his § 2254 petition on or before October 7, 2014.  Because he did not file his petition until March 19, 2015, the petition is untimely, absent equitable tolling or a showing of actual innocence.

Although Mayer does not argue he is actually innocent, he does argue he is entitled to equitable tolling.  In his response to the order to show cause, Mayer alleges the statute of limitations applicable to his § 2254 petition was not tolled because his former attorney did not file his Rule 32 petition properly.  (Doc. 4 at ¶ 8).  He further alleges that during the pendency of his Rule 32 proceedings, his former attorney committed suicide, leaving him without counsel when the state trial court dismissed his Rule 32 petition.  (*Id.* at ¶ 9).  According to Mayer, the receiver appointed to wind down his former attorney's practice obtained an out-of-time appeal from the state trial court's dismissal of his Rule 32 petition and permission from the Alabama State Bar to retain his present attorney to file that appeal.  (*Id.* at ¶ 10).  Finally, Mayer alleges that by the time he retained counsel to seek federal habeas corpus relief on his behalf after exhausting his Rule 32 claims, the limitations period for filing a § 2254 petition had run.  (*Id.*).  Mayer argues his former attorney's suicide, which left him without representation, rose to the

6

level of serious attorney misconduct entitling him to equitable tolling.  (*Id.* at ¶¶ 11-12) (citing *Downs v. McNeil*, 520 F.3d 1311 (11th Cir. 2008)).

Mayer has failed to demonstrate his entitlement to equitable tolling.  First, in calculating the statute of limitations applicable to Mayer's § 2254 petition, the undersigned has assumed the Rule 32 petition filed by Mayer's former attorney on Mayer's behalf in the state trial court on June 11, 2012, was filed properly so as to toll the limitations period.  The propriety of the Rule 32 filing is not at issue here.  Therefore, any alleged error by Mayer's former attorney in filing the Rule 32 petition is a red herring.

Second, to the extent the suicide of Mayer's former attorney had an effect on his Rule 32 proceedings, Mayer admittedly obtained relief by way of an out-of-time appeal from the state trial court's dismissal of his Rule 32 petition.  The suicide of his former attorney during the pendency of his Rule 32 proceedings, at a time when the limitations period applicable to his § 2254 petition was tolled already, does not excuse his failure to file his § 2254 petition timely after the limitations period resumed.

Third, Mayer's *pro se* status at the time he filed his § 2254 does not entitle him to equitable tolling.  *See Rich v. Dep't of Corr. State of Fla.*, 317 Fed. App'x 881, 883 (11th Cir. 2008) (petitioner's *pro se* status was not extraordinary circumstance that could have prevented him from filing federal § 2254 petition timely); *Perez v. Florida*, 519 Fed. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)).  Finally, any delay Mayer experienced in obtaining representation with respect to this action does not entitle him to equitable tolling,

either.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no constitutional right to counsel in post-conviction proceeding).

Because Mayer did not file his § 2254 petition until March 19, 2015, approximately five months after expiration of the limitations period, and does not allege any facts which would entitle him to equitable tolling or support a showing of actual innocence, his § 2254 petition is due to be dismissed as time-barred.

### III. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** Mayer's § 2254 petition be denied as barred by the statute of limitations set out in § 2244(d)(1).

Finally, in accordance with Rule 11 of the *Rules Governing 2254 Proceedings,* the undersigned **RECOMMENDS** a certificate of appealability be **DENIED**.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted).  Based on the foregoing discussion, the undersigned is of the opinion Mayer has failed to make the requisite showing.

### IV. Notice of Right to Object

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.  Failure to do so will bar any later challenge or review of the

factual findings of the magistrate judge, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).

To challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections specifically identifying portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  A copy of the objections must be served on all other parties to the action.

On receipt of objections meeting the foregoing specificity requirement set out above, a district judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his or her discretion or if required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.  Objections not meeting the foregoing specificity requirement will not be considered by a district judge.

A party may not appeal a magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

**DONE** this 28th day of October, 2015.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE