# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JOHN MICHAEL MAYER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 4:15-cv-00466-SLB-SGC |
| DEWAYNE D. ESTES and THE ) | |
| ATTORNEY GENERAL FOR THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION & ORDER

This is an action on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by John Michael Mayer, a state prisoner. The magistrate judge entered a report and recommendation on October 28, 2015, recommending Mayer's petition be denied as barred by the statute of limitations provided by 28 U.S.C. § 2244(d)(1)(A). (Doc. 5). Furthermore, in accordance with Rule 11 of the *Rules Governing Section 2254 Cases*, the magistrate judge recommended a certificate of appealability be denied. (*Id.*). Mayer has filed objections to the report and recommendation. (Docs. 9 & 14). For the reasons discussed below, although most of Mayer's objections are due to be overruled, the magistrate judge's recommendation is due to be rejected, and this action is due to be referred to the magistrate judge for further proceedings.

## I. Background

At the outset of this action, Mayer was proceeding with the assistance of attorney Robert Tuten. The magistrate judge ordered Mayer to show cause why his petition should not be denied as time-barred. (Doc. 3). Tuten, on behalf of Mayer, responded to the order, arguing Mayer is entitled to equitable tolling of the limitations period because Mayer's state post-conviction attorney, Charles Pullen, did not file Mayer's petition pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* properly and then committed suicide during the pendency of Mayer's Rule 32 proceedings, and because the deadline for seeking federal habeas corpus relief had expired by the time Mayer retained counsel to assist him in doing so. (Doc. 4). The magistrate judge determined that whether Pullen properly filed Mayer's Rule 32 petition was a red herring because the computation of the limitations period applicable to the instant petition assumed the Rule 32 petition was properly filed so as to toll the limitations period. (Doc. 5 at 7). The magistrate judge further determined Pullen's suicide during the pendency of Mayer's Rule 32 proceedings, at a time when the statute of limitations applicable to the instant petition was tolled, did not excuse Mayer's untimely filing in this court. (*Id.*). Finally, the magistrate judge determined any delay Mayer experienced in obtaining representation with respect to this action did not entitle him to equitable tolling. (*Id.* at 7-8).

After the magistrate judge entered her report and recommendation, Tuten moved to withdraw his representation of Mayer in this action (Doc. 11), and Mayer moved to proceed *pro se* (Doc. 12). The court granted both requests. (Doc. 13). Proceeding *pro se*, Mayer filed objections and amended objections to the magistrate judge's report and recommendation. (Docs. 9 & 14). Mayer objects both to the magistrate judge's technical calculation of the limitations period applicable to his § 2254 petition and to the magistrate judge's determination he is not entitled to equitable tolling.

## II. Discussion

### A. Calculation of Limitations Period

In her report and recommendation, the magistrate judge found the statute of limitations applicable to Mayer's petition began to run 90 days after the Alabama Supreme Court denied review of Mayer's conviction on June 10, 2011, on direct appeal because although Mayer could have sought review in the United States Supreme Court within that 90-day period, he did not. (Doc. 5 at 5-6). Mayer argues the limitations period did not begin to run until 150 days after the Alabama Supreme Court denied review of his conviction on direct appeal because the time for seeking review in the United States Supreme Court may be extended by 60 days. (Doc. 9 at 6). In other words, Mayer argues he should receive the benefit not only of the 90-day

period during which he could have sought review in the United States Supreme Court, but also of the additional 60 days by which that period could have been extended.[1] He cites no authority for his argument, which binding precedent does not support. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding statute of limitations began to run after 90-day period for seeking review in United States Supreme Court expired); *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding ninety-day certiorari period does not count towards one-year limitations period); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("A state prisoner's conviction becomes final when the United States Supreme Court denies *certiorari*, issues a decision on the merits, or when the ninety day period in which to file for *certiorari* expires . . . ."). Accordingly, this objection is due to be overruled.

The magistrate judge further found the limitations period was tolled when Mayer filed a petition pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* in the state trial court on June 11, 2012, and resumed after the Alabama Supreme Court denied review on July 11, 2014. (Doc. 5 at 6). Mayer argues the limitations period did not resume until 150 days after that date because he could have sought review in the United States Supreme Court within 90 days after the Alabama

---

[1] Mayer seems to retreat from this argument in his amended objections. (*See* Doc. 14 at 5, 8, 11-12). The court addresses it, nonetheless.

4

Supreme Court denied review and that time could have been extended by 60 days. (Doc. 9 at 7-10). Binding precedent forecloses this argument. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding limitations period is not tolled during time petition for certiorari is pending before United States Supreme Court); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (holding tolling provision codified at § 2244(d)(2) does not include time for seeking review in United States Supreme Court). Accordingly, this objection is due to be overruled.

Finally, Mayer argues the holidays that fell during the limitations period should be excluded from the computation of his time to seek federal habeas review. (Doc. 9 at 10). This argument is based on a misreading of Rule 6 of the *Federal Rules of Civil Procedure*. That rule provides that when the last day of a period is a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See* FED. R. CIV. P. 6(a)(1)(C). It does not provide that holidays falling within a period are excluded from the period. In fact, it provides the opposite. *See* FED. R. CIV. P. 6(a)(1)(B) (intermediate Saturdays, Sunday, and legal holidays are to be counted in computing period of time). Accordingly, this objection is due to be overruled.

### B. Equitable Tolling

To support his objection to the magistrate judge's determination he is not entitled to equitable tolling, Mayer elaborates on the facts alleged in the response Tuten filed on his behalf in response to the magistrate judge's order directing him to show cause why his petition should not be denied as time-barred. More specifically, he expands on the conduct of Pullen that he claims entitles him to equitable tolling. He also alleges a new basis for equitable tolling: Tuten's failure to prepare or file the instant § 2254 petition in a timely manner.

As regards Pullen's conduct, Mayer alleges as follows: On August 23, 2011, Mayer retained Pullen to represent him in post-conviction proceedings. (Doc. 9 at 2). Pullen suggested Mayer file a Rule 32 petition before seeking federal habeas review, so that he would get "two bites at the apple." (*Id.*). However, Pullen did not communicate with Mayer thereafter, and when Mayer's wife called Pullen every four or five weeks to ask why Pullen had not filed Mayer's Rule 32 petition, Pullen repeatedly assured her there was plenty of time to do so. (*Id.* at 3, 12). Pullen did not file Mayer's Rule 32 petition until June 11, 2012, the last day to do so. (*Id.* at 3). Shortly after the state trial court denied the Rule 32 petition, Pullen committed suicide. (*Id.*). Mayer claims Pullen's mental impairment, evidenced by Pullen's suicide, prevented Pullen from filing Mayer's Rule 32 petition earlier and deprived

Mayer of approximately eight months of his federal limitations period. (Doc. 14 at 7). He further claims Pullen effectively abandoned him between August 2011 and June 2012, during which time he failed or refused to communicate with Mayer and deliberately mislead Mayer's wife as to the filing of the Rule 32 petition. (Doc. 9 at 13).

As regards Tuten's conduct, Mayer alleges as follows: Tuten represented Mayer on appeal from the denial of his Rule 32 petition. (Doc. 9 at 3). Mayer paid Tuten $8,500.00 in connection with this representation, although he had already paid Pullen for the same services. (Doc. 14 at 11). After the Alabama Supreme Court denied review of the Rule 32 petition on July 11, 2014, Mayer paid Tuten $30,000.00 to file a § 2254 petition in this court. (Doc. 9 at 4). Evidence of that payment, made on August 22, 2014, is attached to Mayer's amended objections. (*See* Doc. 14 at 35).[2] In March 2015, Tuten prepared a form § 2254 petition with a statement of facts attached and mailed the same to Mayer to sign and submit to this court. (*Id.*). Mayer claims Tuten effectively abandoned him between July 11, 2014, and March 2015 and deliberately waited eight months after the Alabama Supreme Court denied review of Mayer's Rule 32 petition and six months after Mayer paid Tuten to seek federal

---

[2] Mayer's allegation he retained Tuten to represent him in connection with this action in August 2014 seems to conflict with the allegation contained in the response to the order to show cause filed by Tuten on Mayer's behalf that Tuten was not retained until after the limitations period applicable to the instant petition had expired (*see* Doc. 4 at ¶ 10).

7

habeas review to prepare a § 2254 petition. (*Id.* at 17; Doc. 14 at 12-13). Finally, Mayer alleges Tuten gave him erroneous advice regarding the procedure for challenging the magistrate judge's report and recommendation and effectively abandoned him after entry of that report and recommendation. (Doc. 9 at 18).

Equitable tolling is "an extraordinary remedy which is [ ] applied sparingly" and "is limited to rare and exceptional circumstances." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Specifically, a petitioner must "show[] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); s*ee also Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). A petitioner must also "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

An attorney's mere negligence, even if it is gross or egregious, does not constitute an extraordinary circumstance entitling a federal habeas petitioner to equitable tolling. *Cadet v. Florida Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014); *Thomas v. Attorney Gen., Florida*, 795 F.3d 1286, 1293 (11th Cir. 2015). An attorney

8

is the agent of his client and, thus, his client ordinarily is bound by his errors. *Cadet*, 742 F.3d at 477-78. Rather, for an attorney's conduct to constitute an extraordinary circumstance for purposes of equitable tolling, it must amount to an abandonment of the attorney-client relationship, such that the attorney's errors are not attributable to his client. *Cadet*, 742 F.3d at 481; *Thomas*, 795 F.3d at 1293. An attorney does not abandon his client merely by acting in a manner that harms his client's interests. *Cadet*, 742 F.3d at 482. Rather, an attorney-client relationship is severed when an attorney acts adversely to his client's interests or commits a serious breach of loyalty to his client. *Id.* Furthermore, an attorney does not act adversely to his client's interests merely by making an unwise, negligent, or grossly negligent mistake that harmed those interests, but by acting for the purpose of advancing his own interests or the interests of another person. *Id.*

> If . . . a principal were not held responsible for his agent's action or inaction whenever the effect of it was adverse to the principal's interests, he would never be accountable for his agent's conduct except when it benefited him. Any mistake, oversight, or negligence of the agent that adversely affected the principal's interests would not be charged against the principal no matter how loyal or devoted to the principal's interests the agent was. That is not how the legal regime of agency operates. There is no upside only slant to it. If there were . . . instead of there being a narrow adverse interest exception, there would be a broad adverse impact exception that would eviscerate the general rule that the principal is responsible for the actions of his agent. Agency law would be turned upside down, and no one would be willing to deal with a principal through his agent.

*Id.* at 483. The Eleventh Circuit has noted an attorney's bad faith, dishonesty, divided loyalty, and mental impairment also may form the basis of an equitable tolling argument but has declined to decide whether these factors constitute abandonment or, instead, constitute independent reasons for the application of equitable tolling. *Thomas*, 795 F.3d at 1294.

Whether Pullen's conduct constituted effective abandonment of Mayer or otherwise rose to the level of an extraordinary circumstance, it does not entitle Mayer to equitable tolling because Mayer cannot show Pullen's conduct caused the late filing of his § 2254 petition in this court. Pullen's delay in filing Mayer's Rule 32 petition deprived Mayer of some statutory tolling. However, when the Alabama Supreme Court denied review of Mayer's Rule 32 petition on July 11, 2014, approximately three months of Mayer's federal limitations period remained. This was a reasonable amount of time in which to prepare and file a § 2254 petition. *See Gillman v. Sec'y, Florida Dep't of Corr.*, 576 Fed. App'x 940, 943-44 (11th Cir. 2014) (holding petitioner could not demonstrate causal connection between state post-conviction counsel's conduct and late filing of § 2254 petition where four or five months of federal limitations period remained after attorney no longer represented petitioner and petitioner still had 68 days to file § 2254 petition after conclusion of

state post-conviction proceedings); *Stewart v. Sec'y, Florida Dep't of Corr.*, 355 Fed. App'x 275, 281 (11th Cir. 2009) (holding attorney's alleged misrepresentation that she had filed state habeas petition did not entitle petitioner to equitable tolling because petitioner ultimately filed timely state habeas petition himself and still had 91 days to file federal habeas petition after state court ruled on state habeas petition); *Hancock v. Estes*, 2014 WL 3898085, at *10 (S.D. Ala. Aug. 11, 2014) (holding petitioner could not establish causal connection between state post-convictions attorney's conduct and late filing of § 2254 petition because while attorney's representations may have caused a substantial amount of petitioner's AEDPA clock to run, petitioner had several months left on AEDPA clock to act on his own to ensure timely filing of federal habeas petition). Accordingly, Mayer's objection based on Pullen's alleged conduct is due to be overruled.[3]

By contrast, Tuten's alleged conduct may have caused the late filing of the instant petition. However, the antecedent question is whether Tuten's alleged conduct amounts to an abandonment of the attorney-client relationship. Mayer's allegations Tuten wrongfully charged him for representing him on appeal from the denial of his Rule 32 petition and/or in connection with this proceeding do not

---

[3] To the extent Mayer re-asserts arguments related to Pullen's alleged conduct that were raised in the response to the order to show cause filed by Tuten on his behalf, those objections are due to be overruled, as well. The magistrate judge considered and rejected those arguments, and Mayer's re-statement of them does not alter the magistrate judge's recommendations, which are well-taken.

provide a basis for equitable tolling. Likewise, Mayer's allegations regarding Tuten's conduct after the magistrate judge entered her report and recommendation do not provide a basis for equitable tolling. To the extent Tuten simply miscalculated or misinterpreted the deadline for filing Mayer's § 2254 petition or otherwise was merely careless in failing to prepare the petition in a timely manner, Mayer is not entitled to equitable tolling because Tuten's conduct amounts to nothing more than simple negligence. *See Cadet*, 742 F.3d at 477-78 (federal habeas petitioner ordinarily is bound by his attorney's errors, including a miscalculation or misinterpretation of a filing deadline). However, to the extent, as Mayer alleges, Tuten deliberately delayed the preparation of the instant petition, Mayer may be entitled to equitable tolling. Although Mayer's allegation that Tuten effectively abandoned him between July 14, 2014, and March 2015 is a legal conclusion and his allegation that Tuten deliberately prepared the instant petition in an untimely manner is conclusory, as is his allegation that he pursued his rights diligently (*see* Doc. 9 at 16; Doc. 14 at 17), Mayer has alleged enough facts to warrant, at the very least, a response from the named respondents. The procedural posture of this case also warrants further proceedings. The only potentially meritorious objection to the magistrate judge's report and recommendation was not presented to the court until after Tuten withdrew his representation of Mayer in this action and Mayer was

permitted to file objections *pro se*. Accordingly, based on the present record, the court will reject the magistrate judge's recommendation that Mayer's § 2254 petition is due to be time-barred.

### III. Conclusion

For the foregoing reasons, with the exception of the objection related to Tuten's conduct, all of Mayer's objections to the magistrate judge's report and recommendation are **OVERRULED**. After careful consideration of the record in this case and the magistrate judge's report, the court **REJECTS** the magistrate judge's recommendation that Mayer's § 2254 petition be denied as time-barred based on objections related to Tuten's conduct that Mayer raised after Tuten withdrew his representation of Mayer in this action and Mayer was permitted to file objections *pro se*. The court refers this action to the magistrate for further proceedings consistent with this memorandum opinion and order.

**DONE** this 14th day of March, 2016.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE