**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| **JOHN MICHAEL MAYER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.  4:15-CV-0466-SLB-SGC** |
| ) | |
| **DEWAYNE D. ESTES, Warden; the** ) | |
| **ATTORNEY GENERAL FOR THE** ) | |
| **STATE OF ALABAMA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

On February 14, 2018, mail sent to petitioner, John Michael Mayer, was returned to the court marked "deceased," "The death of the habeas petitioner renders a habeas action moot." *Bruno v. Sec'y, Florida Dep't of Corr.*, 700 F.3d 445, 445 (11th Cir. 2012)(citing *Dove v. United States*, 423 U.S. 325, 325 (1976)); *see Pennewell v. Carey*, No. 2:06-CV-0598 JKS EFB, 2008 WL 1860166, *1 (E.D. Cal. Apr. 23, 2008)("An action becomes moot when the issues are no longer live, i.e., when the parties lack a legally cognizable interest in the outcome.  It is the nature of [habeas] proceedings that the relief sought, i.e., immediate release from custody or a new parole suitability hearing, is unique to the petitioner himself and cannot be transferred.  In other words, the claims were extinguished upon petitioner's death and no party can be substituted for him.  Therefore, petitioner's death renders this case moot and the petition for a writ of habeas corpus should be dismissed.")(internal citations, quotations, and footnote omitted); *see also Figueroa v.*

*Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)("[Petitioner's] death during the pendency of his habeas petition rendered that action moot, and no earthly circumstance can revive it.")(citations omitted); *McMillin v. Bowersox*, 102 F.3d 987, 987 (8th Cir. 1996)("Since his imprisonment ended upon his death, and there can be no future collateral consequences flowing from his imprisonment, [petitioner's] collateral attack is moot.")(citations omitted).

Therefore, Mayer's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (doc. 1), will be denied and his case will be dismissed as moot in a separate Order.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2254 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for habeas corpus relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

As set forth above, "The death of the habeas petitioner renders a habeas action moot."

*Bruno*, 700 F.3d at 445. Reasonable jurists could not debate that this case is now moot.

Therefore, the court finds the issuance of a certificate of appealability is not warranted in this

case.

The Certificate of Appealability will be denied.

**DONE** this 13th day of March, 2018.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE